IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR LINDSEY,

      Petitioner,

vs.                                          NO. 05cv0193 MCA/WDS
                                              NO. 01cv588

UNITED STATES OF AMERICA,

      Respondent

MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]

      This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Victor Lindsey. Lindsey is proceeding *pro se*. Respondents filed a response in opposition to the motion. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends the Motion be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Lindsey is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The court makes the following findings and recommended disposition.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

**CLAIMS**

Lindsey claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution as a result of defense counsel's failure to adequately represent him during his criminal trial. Specifically, he alleges that his defense counsel had a conflict of interest, breached his duty of loyalty to the defendant, failed to investigate witnesses or otherwise engage in pretrial investigation, failed to request a continuance, failed to obtain discovery material held by the prosecution, failed to suppress illegally obtained evidence, and filed an Anders Brief to terminate representation of the defendant during the appeal of defendant's conviction. He also claims that his sentence was enhanced in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker* 125 S. Ct. 738 (2005).

**FACTUAL AND PROCEDURAL BACKGROUND**

Lindsey and co-conspirators Randy Watson and Diana Randolph were arrested on February 4, 2001 by United States Border Patrol agents near the Interstate 25 checkpoint in Doña Ana County, New Mexico. Shortly before the arrest, Randolph, with Lindsey as a passenger, drove a black Ford Explorer through the checkpoint in front of a U-Haul moving truck driven by Watson. Randolph and Lindsey proceeded through the checkpoint after they were questioned about their citizenship. When Watson entered the checkpoint's inspection area his behavior caused the Border Patrol agent to refer the vehicle to secondary inspection. Watson attempted to drive out of the checkpoint, and was pursued and stopped by Border Patrol agents and other police personnel. When the officers removed Watson from the U-Haul he immediately pointed out the black Explorer and said he was traveling with it. The officers then pursued and stopped the Explorer. The U-Haul was found to contain thirteen handguns, ammunition, 47.7 grams of cocaine, 7.6 grams of "crack" cocaine, and 22 pounds of

2

marijuana.

The crack cocaine was wrapped inside a motel floor plan. Petitioner's fingerprint was found on the floor plan. Ten of the thirteen handguns had been purchased at the Windy City Pawn Shop in Phoenix, AZ. A business card from the pawn shop was found in the Explorer in which Petitioner was a passenger. Surveillance video from the pawn shop showed Lindsey and co-conspirator David Burton selecting and purchasing the handguns, and Petitioner leaving the store carrying the handguns in bags.

Randolph testified against Petitioner at his trial. Randolph described the behavior of Lindsey and Watson in Phoenix, as well as Lindsey's behavior during the drive up to and through the checkpoint. Randolph's testimony will be addressed at greater length in the body of this opinion.

Petitioner was the subject of an eight-count indictment. Counts I through IV charged conspiracy and possession with intent to distribute controlled substances. Three counts related to firearms violations: conspiracy to carry a firearm during a drug trafficking crime, carrying a firearm during a drug trafficking crime, and felon in possession of a firearm. The final count of the indictment was dismissed before trial at the request of the government. Trial was originally scheduled in May 2002, but was adjourned when the court found that Petitioner's counsel had a conflict of interest. New counsel was appointed, and the trial was rescheduled for August 2002. The jury returned a verdict convicting Petitioner on all counts.

## STANDARD OF REVIEW

Since Lindsey is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies. A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or

3

otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Petitioner's claims of ineffective assistance of counsel and an unconstitutional sentence enhancement, if proved, would constitute a denial or infringement of his constitutional rights.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's initial allegations are correctly styled as an ineffective assistance of counsel claim. The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000).

To establish deficient performance, Lindsey must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, Lindsey "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993). It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

Petitioner's ineffective assistance of counsel includes a broad spectrum of allegations against defense counsel, but lacks even one fact to substantiate those allegations. Petitioner asserts that his attorney had a conflict of interest and breached his duty of loyalty to his client, but makes no effort to identify the conflict of interest. Petitioner claims that his attorney failed to interview witnesses and obtain pretrial discovery, but identifies no such witnesses or discovery. Petitioner argues that illegally obtained evidence should have been suppressed, but does not even identify the evidence that he is referring to, let alone the grounds for suppression. While it is true that Petitioner's counsel filed a successful *Anders* brief, and it was necessary for Petitioner to proceed *pro se* on his appeal, the mere filing of an Anders brief "cannot form the basis for a claim of ineffective assistance of counsel." *United States v. Marinez-Lomeli*, 86 F.3d 1167 (10th Cir. 1996)(unpublished).

Petitioner's conclusory allegations are insufficient to support his claim of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Accordingly, neither prong of the *Strickland* test is met, and Lindsey's petition fails under 28 U.S.C. § 2255.

**EVIDENTIARY HEARING**

Petitioner has the burden of establishing the need for an evidentiary hearing. *Birt v.*

*Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984)  Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988)  A hearing is not required when a defendant's allegations of fact supporting his or her claims are conclusory and unsupported by the record, are shown to be meritless, or are "affirmatively contradicted" by the files and record.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)  An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of the *Strickland* test.

For the reasons stated above, the court finds that Petitioner has not made a colorable showing that his counsel was inadequate in any way, let alone that his performance fell below an objective standard of reasonableness.  Accordingly, he can meet neither prong of the *Strickland* test and an evidentiary hearing is not necessary.

## ALLEGED SENTENCING IRREGULARITIES

Petitioner next argues that his sentence was improperly enhanced based on facts found by the judge, not the jury, and that the trial judge treated the Federal Sentencing Guidelines as though they were mandatory, not advisory.  Both of these issues are addressed by *United States v. Booker*, 125 S. Ct. 738 (2005).  In *Booker*, the Supreme Court applied the holding of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) to the federal sentencing guidelines.  In *Blakely*, the Court held that imposing a sentencing enhancement "not solely based on facts reflected in the jury verdict or admitted by the defendant" violated the defendant's Sixth Amendment right to trial by jury.  124 S. Ct. at 2537. *Booker*, applying *Blakely*, held that the Sixth Amendment right to trial by jury is violated under a mandatary sentencing scheme where a sentence is enhanced based upon facts found by a judge that

6

were neither admitted by the defendant nor found by the jury. 125 S.Ct. at 750. The Court's remedy was to sever the provision making the sentencing guidelines mandatory, 18 U.S.C. 3553(b)(1), resulting in sentencing guidelines that are "effectively advisory." *Id.* at 756-57.

Petitioner did not raise a *Booker* issue before the District Court, as *Booker* was decided during the course of Petitioner's appeal. Therefore, his claim is reviewable only for plain error. *United States v. Sanchez-Cruz*, 392 F.3d 1196, 1201 (10th Cir. 2004). Plain error is (1) error; (2) that is plain or obvious; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Keeling*, 235 F.3d 533, 538 (10th Cir. 2000). Petitioner raises three alleged deficiencies in his sentencing: the calculation of the weight of controlled substances he possessed, the sentence enhancement for obstruction of justice, and the sentence enhancement based on Petitioner's role as an "organizer, leader, manager, or supervisor" in the criminal activity. The Court will address each issue in turn.

Defendant was convicted of conspiring to possess with the intent to distribute more than five grams of cocaine base, less than 500 grams of cocaine and less than 50 kilograms of marijuana. The jury was not asked to determine the specific amounts of each drug. In computing Petitioner's base offense level, Probation used marijuana equivalents for the cocaine and cocaine base resulting in a total equivalent weight of drugs of 172.75 kilograms of marijuana. U.S.S.G. §2D1.1(c)(7) provides a base offense level of 26 for possession of at least 100kg but less than 400kg of marijuana.

However, the jury did find in a special verdict that Petitioner had conspired to possess with intent to distribute 5 grams or more of cocaine base. The amount of cocaine base, by itself, would have resulted in the same base offense level, 26, under the same subsection of the drug quantity table. Respondent correctly points out that Petitioner's base offense level would still have been 26 even if

the trial court had just considered the amount of cocaine base found by the jury. Inclusion of the amount of cocaine and marijuana determined Probation did not change the offense level or increase Petitioner's sentence. Accordingly, while it might have been error to include in a pre-sentence report amounts of drugs that were not determined by a jury, no improper sentence enhancement resulted.

To satisfy the third element of the plain error test, Petitioner must show that the error affected substantial rights, that is the error "must have affected the outcome of the district court proceedings." *United States* v. *Olano*, 507 U.S. 725, 734 (1993). Petitioner cannot make the required showing here, and his objection on this ground is not well founded.

Next, Petitioner received a two-level upward adjustment pursuant to U.S.S.G. §3C1.1 for obstruction of justice and a two-level upward adjustment pursuant to U.S.S.G. §3B1.1(c) for an aggravating role in the offense. Respondent concedes that these adjustments meet the first and second prongs of the plain error test: Petitioner's sentence was erroneously increased under a mandatory sentencing scheme based on facts found by the judge, not the jury, *See United States v. Rodriguez,* 398 F.3d 1291, 1298 (11th Cir. 2005); and the error was plain because even though it wasn't "plain" at the time of sentencing, it is enough that the error be "plain" at the time of appellate consideration. *Johnson v. United States,* 520 U.S. 461, 468 (1997).

The third element of the plain error test is whether the error affected substantial rights, i.e., it must have been prejudicial and affected the outcome of the trial. *United States v. Olano*, 507 U.S. 725, 733-34 (1993). The final element is whether the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Olano*, 507 U.S. at 736. Even if the first three elements of the plain error test are satisfied, where the evidence on a misdescribed or omitted element of the offense is overwhelming, the fourth element is not satisfied. *Johnson v. United States*, 520 U.S. 461,

470 (1997). While the Court notes that Petitioner has provided no facts to support his burden of proof at step three of the plain error analysis, the Court finds it more expeditious to address the overwhelming nature of the evidence in support of the two disputed enhancements.

### Obstruction Enhancement

U.S.S.G. §3C1.1 provides for a two-level enhancement if "(A) the defendant willfully obstructed or impeded . . .the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense. . .and (B) the obstructive conduct related to . . .defendant's offense or conviction and any relevant conduct." The commentary to §3C1.1 states that obstructive conduct includes "willfully failing to appear," "providing materially false information to a judge or magistrate" or "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation."

It is uncontroverted that Petitioner gave the false name of "Tony Trent Persons" when he was arrested and when he appeared before the United States Magistrate Judge for initial presentment and preliminary/detention hearings. Petitioner violated his conditions of release, and remained at large until he was arrested in Michigan on August 22, 2001. When his true identity was discovered, agents learned that Petitioner had a state felony conviction for carrying a concealed weapon. The discovery of this conviction resulted in the filing of an additional charge of felon in possession.

### Aggravating Role Enhancement

§3B1.1 provides that a defendant's offense level may be increased by two levels if: "the defendant was an organizer, leader, manager, or supervisor" in the criminal activity. Factors relevant to this determination include: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share

9

of the fruits of the crime, the degree of participation in planning or organizing the offense, and the degree of control and authority exercised over others." U.S.S.G. §3B1.1(comment).

Evidence at trial indicated that Petitioner planned and organized the trip to Phoenix, Arizona, and recruited the other participants. Randolph testified that Petitioner was the person in charge and that he made the decisions about travel plans. Lindsey directed Randolph to rent the U-Haul, directed Watson to drive it, and referred to the drugs and weapons in the rented truck as "my shit." The Court finds that the evidence in support of the two-level enhancement for obstruction and aggravating role was overwhelming, and Petitioner has failed to meet his burden of proving that the error in question seriously affected the fairness, integrity or public reputation of judicial proceedings.

## "BOOKER" ISSUES

Petitioner has failed to establish plain error in the calculation of his base offense level and in its enhancement. The final issue is whether the Court would impose the same sentence if Petitioner were to be resentenced under the advisory guideline regime of *Booker*. The Court sees no indication that the sentencing judge would be so inclined. However, this issue is subject to the review of the sentencing judge upon receipt and review of this RFD.

## RECOMMENDED DISPOSITION

The Court recommends that Lindsay's Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed March 7, 2005 be DISMISSED. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.

A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

                                                            **W. DANIEL SCHNEIDER**
                                                            **United States Magistrate Judge**